DONOVAN, J., dissenting:
{¶ 16} I dissent. Allen had both a constitutional and statutory right to speedy trial. He filed a timely jury demand, and unlike Marbury , did not request any continuances or a motion for discovery which would toll the speedy trial clock. We have previously noted that the timely filing of a jury demand does not automatically act as a tolling event for speedy trial computations. State v. Short , 2d Dist. Montgomery No. 17288, 1999 WL 397361 (June 18, 1999).
{¶ 17} Marbury is also distinguishable in that the trial court therein meticulously listed the many other cases it had set for trial, its method of scheduling and prioritizing cases, and that it was impossible for the trial to go forward on the scheduled date. This record contains no such detail, nor a cogent rationale as to why a jury could not be convened in a timely fashion. We should not presume a "logistical impracticability" of arranging a jury trial within 11 business days. It smacks of an after-the-fact justification, to excuse the speedy trial rights violation. When we accept a conclusory statement that 11 days is not sufficient time for the clerk of court to arrange for a jury, we ignore technological advances in summoning jurors and the courts' obligation to provide adequate jury settings.
{¶ 18} As a practical matter, today's ruling may result in a flurry of immediate jury demands to insure speedy trial rights are not violated in the future.